**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | |
| RETIREMENT FUND, LOCAL 597; | ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | CIVIL ACTION |
| WELFARE FUND, LOCAL 597; | ) | |
| BOARD OF TRUSTEES of the PIPE FITTERS | ) | |
| TRAINING FUND, LOCAL 597; the | ) | NO.:   09-CV-5836 |
| BOARD OF TRUSTEES of the CHICAGO AREA | ) | |
| MECHANICAL CONTRACTING INDUSTRY | ) | |
| IMPROVEMENT TRUST; | ) | JUDGE:  NORGLE |
| THE PIPE FITTERS' ASSOCIATION, | ) | |
| LOCAL 597 U.A.; BOARD OF TRUSTEES | ) | |
| of the PIPE FITTERS' INDIVIDUAL | ) | MAGISTRATE |
| ACCOUNT and 401(K) PLAN; and | ) | JUDGE:  COX |
| BOARD OF TRUSTEES of the PIPE FITTING | ) | |
| COUNCIL OF GREATER CHICAGO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FIELDHOUSE REFRIGERATION, LLC, | ) | |
| an Indiana Limited Liability Company; and DALE | ) | |
| FIELDHOUSE JR., an Individual; | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT AGAINST THIRD PARTY CITATION RESPONDENT
FIRST FINANCIAL BANK, N.A. PURSUANT TO
735 ILL. COMP. STAT. 5/2-1402(f)(2)**

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE FITTERS'
RETIREMENT FUND, LOCAL 597, *et al.,* by and through their attorneys, JOHNSON &
KROL, LLC, and pursuant to 735 Ill. Comp. Stat. 5/2-1402 move this honorable court for an
Order requiring Third-Party Citation Respondent First Financial Bank to account for and
reimburse all funds transferred in violation of the Citation and in support state as follows:

1.      On October 30, 2009, this Court entered a Default Judgment against Fieldhouse Refrigeration, LLC ("Fieldhouse") and Dale Fieldhouse Jr ("Fieldhouse Jr"), in the amount of $182,348.97.   (Default Judgment Order is attached as Exhibit 1).

2.      On November 12, 2009, a Citation in Supplemental Proceedings to Discover Assets was certified by the Clerk of the Northern District of Illinois, Eastern Division with an attached copy of the Final Judgment Order. (Citation to Discover Assets is attached as Exhibit 2).

3.      On November 12, 2009, Plaintiffs' counsel faxed and mailed a Third Party Citation to Discover Assets ("Citation") to First Financial Bank, N.A. ("First Financial"), as a potential asset holder of Fieldhouse and/or Fieldhouse Jr. (Affidavit of Service and Supporting Documents are attached as Exhibit 3).

4.      First Financial is an Ohio Financial Institution with branch offices in Ohio, Indiana and Kentucky.   Although First Financial does not have branch offices in Illinois, First Financial 'does business' within the state of Illinois bringing it within the reach of the Illinois Long Arm Statute.

5.      Pursuant to the explicit instructions on the Citation, First Financial was "prohibited from making or allowing any transfer or other disposition of … any property not exempt from execution or garnishment belonging to Fieldhouse Refrigeration, LLC and/or Dale Fieldhouse, Jr… until further order of the Court or termination of the proceedings."

6.      Pursuant to the Citation First Financial was also required to produce certain documents showing the non-exempt funds held in the name of Fieldhouse Refrigeration and/or Dale Fieldhouse Jr.

7.      In response to the Citation, First Financial, through its counsel Rhett Tauber, contacted

Plaintiffs' Counsel to acknowledge receipt of the Citation and to request additional time to provide the requested documents. Counsel for First Financial indicated that they would comply with the requirements of the Citation, including the prohibition against transfers of assets.

8.  Plaintiffs' counsel granted First Financial an extension from December 2, 2009 to December 16, 2009 to produce the requested documents in response to the Citation.

9.  On or about December 17, 2009, Plaintiffs' counsel contacted First Financial to discuss the status of their response to the Citation. On that date, First Financial acknowledged via telephone that they had mistakenly left the debtor's bank accounts unrestricted since November 12, 2009, the date of service.

10. First Financial indicated that a restriction would immediately be placed on the accounts and would remain on the accounts pending further order from the Court.

11. A restriction was finally placed on the account on December 17, 2009, over a month after the Citation was served.

12. Bank records indicate that on November 12, 2009, the date of service, Fieldhouse had an account balance of approximately $26,049.52 in account 476439. (Bank Account Statement is attached as Exhibit 4).

13. The restriction was not placed on the account until December 17, 2009. In the meantime, Fieldhouse withdrew the entire account balance, including a $21,000.00 cash withdrawal on November 16, 2009, just days after Fieldhouse received notice of the Citation. (Exhibit 4).

14. Since First Financial was served with the Citation on November 12, 2009, First Financial permitted withdrawals by Fieldhouse of well over $26,049.52, the account balance on the

date of service.  (Exhibit 4).

15.     Under Illinois Law, service of a citation puts a lien on "all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." 735 ILCS 5/2-1402(m).     Pursuant to the Citation lien, a third party Citation Respondent must prevent/prohibit the transfer of any non-exempt assets belonging to the judgment debtor. *Id.*     The Citation lien works to prevent any transfers of assets, so that the judgment debtor may satisfy the judgment through the discovered assets. *For Your Ease Only, Inc. v. Calgon Carbon Corp.,* 560 F.3d 717 (7th Cir. Ill. 2009).   Under Illinois Law, any transfer of assets after receiving a Citation is a violation of the restraining provision of the Citation. *Id.*

16.     Pursuant to 735 Ill. Comp. Stat. 5/2-1402(f)(2) "the court may punish any party who violates the restraining provision of a citation …and if the party is a third party, may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." 735 Ill. Comp. Stat. 5/2-1402(f)(2); *Citizens Fin. Servs. v. Atlas Fin. Corp.*, F. Supp. 2d 2003 U.S. Dist. LEXIS 2464 (N.D. Ill. Feb. 19, 2003); *See also Dominick's Finer Foods, Inc. v. Makula,* 217 Bankr. 550 (N.D. Ill. 1997); If a third party recipient violates the restraining provision of a citation and transfers assets of the debtor, the court should enter judgment against the third party in the amount of the value of the property transferred, or the amount of the judgment, whichever is lesser. *Id. See also For Your Ease Only, Inc.,* 560 F.3d at 719.

17. First Financial clearly violated the restraining provision of the Citation by allowing the withdrawals by Fieldhouse after service of the Citation, including the $21,000.00 cash withdrawal just days after receiving the Citation. Pursuant to 735 Ill. Comp. Stat. 5/2-1402(f)(2) First Financial is liable to Plaintiffs for the "value of the property transferred." 735 ILL. Comp. Stat. 5/2-1402(f)(2). (Exhibit 4).

18. Records indicate that during the period of November 12, 2009 through November 30, 2009, First Financial allowed approximately $35,571.25 in unauthorized transfers in violation of the Citation. Further amounts are owed for December 1, through December 17, 2009, the date the restriction was finally place on the account. (Exhibit 4).

19. As of February 8, 2010, approximately $171,202.73 of the judgment remains outstanding.

20. A draft Order has been attached to this Motion as Exhibit 5).


WHEREFORE, Plaintiffs pray that this Court enter an order requiring Third-Party Citation Respondent First Financial to provide an accounting of all funds transferred after November 12, 2009, and enter judgment in favor of the Judgment Creditors and against First Financial pursuant 735 Ill. Comp. Stat. 5/2-1402(f)(2) in the full value of the property transferred.


Respectfully submitted,

**JOHNSON & KROL, LLC**


/s/ William P. Callinan – 6292500
One of Plaintiffs' Attorneys

William P. Callinan
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
312-372-8587